**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

PHOUVONG BORIHANH,

Petitioner,

vs.

B. CURRY,

Respondent.

_______________________________/

No. CIV S-09-1435-CMK-P

ORDER

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief because the case is barred by petitioner's guilty plea.

/ / /

/ / /

A guilty plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)). Thus, where the defendant pleads guilty, he may only challenge whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary). See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980). This rule is known as the "Tollett rule."

An exception to this rule may exist where state law permits a challenge to an adverse pre-trial ruling despite a later guilty plea. See Lefkowitz, 420 U.S. at 288 (citing McMann, 397 U.S. at 766). This is called the "Lefkowitz exception." In California, a defendant may raise an issue on appeal despite a guilty plea if the defendant has filed a written statement with the trial court setting forth the grounds for the claim and the trial court has issued a certificate of probable cause for the appeal. See Mitchell, 632 F.2d at 771 (citing Cal. Penal Code § 1237.5). This rule, however, does not operate as an exception to the Tollett rule. See Mitchell, 632 F.2d at 772. The only Lefkowitz exception under California law is a statute permitting an appeal based on an alleged Fourth Amendment violation. See id. at 771; see also Cal. Penal Code § 1538.5. A conditional guilty plead does not fall under the Lefkowitz exception. See Mitchell, 632 F.2d at 773. Another exception to the Tollett rule exists where the challenge goes to "the power of the state to bring the defendant into court to answer the charges brought against him." Journigan v. Duffy, 552 F.2d 283, (9th Cir. 1977) (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974)). This is known as the "Journigan exception."

Thus, under the Tollett rule, a defendant who pleaded guilty may only raise claims on federal habeas which challenge the validity of the plea or fall within either the Lefkowitz or Journigan exceptions. Claims of ineffective assistance of counsel with respect to the plea are permitted under the Tollett rule. See Tollett, 411 U.S. at 267 (citing McMann, 397 U.S. at 771).

In his petition, petitioner stated that he pleaded guilty to "theft and unlawful driving or taking of vehicle," and was sentenced to five years in state prison. He alleges the following claims: (1) factual innocence of a prior strike used to enhance his sentence; and (2) ". . . the Governor's actions violate his plea bargain by illegal use of out-of-state transfer criteria. . . ." In support of his first claim, petitioner stated:

> Petitioner's case is about an alleged illegal sentence causing a miscarriage of justice, when, under the facts of this case, he is allegedly factually innocent due to the prior contract of 1995 and substantiation under the 2005 contracted sentence.

As to the second claim, petitioner states:

> On 10/4/2006 Governor Schwarzenegger issued a state of emergency. . . . Due to this state of emergency, petitioner was told he is up for transfer as a CDCR prisoner, by the Department of Corrections and Rehabilitation. The state of emergency allegedly suspended the then existing Penal Code § 11191 protections. However, at the time of petitioner's conviction and sentence, the Governor had signed a new version of Penal Code § 11191(a) which left the "consent" requirement in the law. CDCR is disregarding the language in Penal Code § 11191 and impairing the obligation of contracts based on the Governor's actions against prisoners.

It appears that petitioner fears transfer to an out-of-state prison without his consent.

Neither of petitioner's claims relate to the validity of the underlying guilty plea. Further, petitioner does not claim ineffective assistance of counsel with respect to the plea, or raise any claims which would fall under an exception to the Tollett rule. This action, therefore, is barred.

The court also observes that petitioner's second claim is both speculative and not cognizable in a habeas corpus case. It is speculative because there is no indication that petitioner has in fact been transferred to an out-of-state prison without his consent. He complains of some anticipated state action, which may or may not happen. The claim is not cognizable because it does not relate to the fact or duration of plaintiff's confinement, but to the conditions of his confinement. Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See

Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed. Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 11-110.

IT IS SO ORDERED.

DATED: June 11, 2009

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE