IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOUVONG BORIHANH, | No. CIV S-09-1435-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| B. CURRY, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court are: (1) petitioner's petition for a writ of habeas corpus (Doc. 1); and (2) response to the court's June 12, 2009, order to show cause (Doc. 7).

      Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief because the case is barred by petitioner's guilty plea.  In the June 12, 2009, order to show cause, the court outlined

the law with respect to habeas challenges to convictions and sentences which resulted from guilty pleas, and added:

> In his petition, petitioner stated that he pleaded guilty to "theft and unlawful driving or taking of vehicle," and was sentenced to five years in state prison. He alleges the following claims: (1) factual innocence of a prior strike used to enhance his sentence; and (2) ". . . the Governor's actions violate his plea bargain by illegal use of out-of-state transfer criteria. . . ." In support of his first claim, petitioner states:
>
>> Petitioner's case is about an alleged illegal sentence causing a miscarriage of justice, when, under the facts of this case, he is allegedly factually innocent due to the prior contract of 1995 and substantiation under the 2005 contracted sentence.
>
> As to the second claim, petitioner states:
>
>> On 10/4/2006 Governor Schwarzenegger issued a state of emergency. . . . Due to this state of emergency, petitioner was told he is up for transfer as a CDCR prisoner, by the Department of Corrections and Rehabilitation. The state of emergency allegedly suspended the then existing Penal Code § 11191 protections. However, at the time of petitioner's conviction and sentence, the Governor had signed a <u>new</u> version of Penal Code § 11191(a) which left the "<u>consent</u>" requirement in the law. CDCR is disregarding the language in Penal Code § 11191 and impairing the obligation of contracts based on the Governor's actions against prisoners.
>
> It appears that petitioner fears transfer to an out-of-state prison without his consent.
> Neither of petitioner's claims relates to the validity of the underlying guilty plea. Further, petitioner does not claim ineffective assistance of counsel with respect to the plea, or raise any claims which would fall under an exception to the <u>Tollett</u> rule. This action, therefore, is barred.
> The court also observes that petitioner's second claim is both speculative and not cognizable in a habeas corpus case. It is speculative because there is no indication that petitioner has in fact been transferred to an out-of-state prison without his consent. He complains of some anticipated state action, which may or may not happen. The claim is not cognizable because it does not relate to the fact or duration of plaintiff's confinement, but to the conditions of his confinement. Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531-32 (9th Cir. 1985).

Petitioner's response to the order to show cause does not persuade the court that summary dismissal is inappropriate. First, petitioner asserts that his claims do in fact relate to the validity of the plea. Specifically, he argues that a plea cannot be valid if he is actually innocent of a prior strike used to enhance his sentence. This argument is unpersuasive because the invalidity of a prior strike goes to the appropriateness of the sentence, not the validity of the plea which resulted in the conviction underlying the sentence. Petitioner should not have pleaded guilty if he believed he was innocent of a prior strike.

Second, petitioner argues that the "threatened transfer [to an out-of-state prison] directly relates to the plea bargain . . . ." Again, the court does not agree. As stated in the order to show cause, the transfer issue relates to the conditions of petitioner's confinement, not the fact or duration of that confinement. Therefore, the transfer claim is not cognizable in an action under § 2254. And, even if it was, whether the government is "violating" petitioner's plea agreement by transferring to an out-of-state prison has no bearing on whether the plea was knowing and voluntary. Analogizing to the common law of contracts, the breach of a contract does not render the underlying agreement invalid. To the contrary, without a valid contract, there could be no action for breach. Nothing about a breach of contract affects the initial formation of the contract.

Third, petitioner contends that he in fact alleged ineffective assistance of counsel. In particular, petitioner points to allegations set forth in the petition as part of his first claim and states that "performance & prejudice prongs were clearly stated as facts . . . ." The point, however, is not whether petitioner has alleged ineffective assistance of counsel, but whether such claim relates to the validity of the plea agreement. A further review of the petition reflects that petitioner argued that his defense counsel was deficient because he "never adequately investigated prior plea bargain 'promise' made to petitioner in 1995 . . . ." Thus, petitioner is discussing counsel's "investigation" regarding a 1995 plea which resulted in a strike. This does not relate to the validity of the current plea agreement. Again, given petitioner's claim that he is

actually innocent of the prior strike (even though he apparently pleaded guilty to that crime in 1995), he should not have entered into the current plea.  But, the fact remains that he did and his claim of ineffective assistance of counsel does not relate to his decision to do so.  Petitioner knew that he had a prior strike from 1995 and nonetheless voluntarily pleaded guilty to the current crime.

Petitioner's own allegations in the petition confirm that his ineffective assistance of counsel claims is not about the validity of the plea.  He states in the petition: "Petitioner's case is about an alleged <u>illegal sentence</u> . . . ." (emphasis added).  Further statements by petitioner in his response to the order to show cause further confirm the nature of his habeas action.  For example, petitioner complains of "false evidence" used to sentence him and "breach of contract," apparently referring to the plea agreement.  Such allegations do not relate to whether the underlying plea agreement is valid.  To the extent petitioner is challenging the validity of the 1995 plea which resulted in the prior strike conviction, he cannot now do so years after the fact via a challenge to a sentence enhanced because of that strike.  The time to challenge the 1995 conviction has long since passed.

For all these reasons, and based on the principles outlined in the court's order to show cause, the court finds that summary dismissal of this case is appropriate.  The Clerk of the Court is directed to enter judgment of dismissal and close this file.

IT IS SO ORDERED.

DATED:  October 1, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE